In re: ATLANTIC FINANCIAL
FEDERAL, Alleged
Debtor.

Michael R. Shemonsky, Appellant.

No. 09–1990.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 June 11, 2009.

Opinion filed: June 25, 2009.

Atlantic Financial Federal, Weatherly, PA, pro se.

Ashley Doherty, Esq., Federal Deposit Insurance Corporation, Arlington, VA, for Federal Deposit Insurance Corporation.

Michael R. Shemonsky, Weatherly, PA, pro se.

Before: McKEE, FISHER and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

Michael R. Shemonsky, representing himself as an "alter ego" of Atlantic Financial Federal ("AFF"), a failed savings and loan, initiated an involuntary bankruptcy filing for AFF. The Federal Deposit Insurance Corporation ("FDIC"), the successor in interest to AFF's receiver, filed a motion to dismiss the bankruptcy suit. Af-ter a hearing, the Bankruptcy Court granted the motion and dismissed the bankruptcy case. On December 19, 2008, Shemonsky filed a motion to reconsider the dismissal, which the Bankruptcy Court denied on January 21, 2009. Shemonsky filed a notice of appeal in which he designated the order of January 21, 2009.

In the District Court, Shemonsky filed a brief. Although he briefly described a few of his motions in the Bankruptcy Court (including his efforts to get a loan for twenty-five billion dollars), he focused on one issue—whether the Bankruptcy Court should have construed his motion for reconsideration as a motion to reopen under Rule 60 of the Federal Rules of Civil Procedure. Shemonsky claimed that the Bankruptcy Court's order denying reconsideration was illegal because the Bankruptcy Court did not docket his motion until January 21, 2009. He argued that because of when his motion was docketed, it should have been docketed and construed as a motion to reopen.

Noting Shemonsky's extensive litigation history, the District Court considered only the issue raised in his brief. The District Court explained that Shemonsky misunderstood when his motion for reconsideration was docketed, noting that it was docketed as filed on December 19, 2008. After the motion was docketed, the Bankruptcy Court ruled on it on January 21, 2009. The District Court also reviewed the entire Bankruptcy Court docket and came to the conclusion that the Bankruptcy Court properly considered the Shemonsky's motion styled as a motion for reconsideration as a motion for reconsideration. The District Court denied the appeal and affirmed the Bankruptcy Court's ruling of January 21, 2009.

Shemonsky appeals. He has filed a document in support of his appeal in which he notes merely that he previously sued the

Third Circuit Court of Appeals. He also presents three motions—a motion to consolidate this case with another of his appeals, docketed at C.A. No. 09–1301, a motion for the "FDIC to Produce the 10K for Year Ended 9–30–89," and a motion to "disbar and enjoin" counsel for the FDIC. The FDIC opposes the latter two motions. In presenting reasons why the FDIC should not be ordered to produce "the 10K for Year Ended 9–30–1989," the FDIC contends that the District Court properly affirmed the Bankruptcy Court. The FDIC also argues, among other things, that Shemonsky has not been found to be AFF's "alter ego," that he has been enjoined from representing himself as an officer, director, employee, or agent of AFF, and also that the FDIC, as the successor in interest to AFF's receiver, could not be ordered to create a 10–K report under the Financial Institutions Reform Recovery and Enforcement Act of 1989, *see* 12 U.S.C. § 1821(j).

The District Court had jurisdiction to review the Bankruptcy Court's order pursuant to 28 U.S.C. § 158(a), and we have jurisdiction to review the District Court's order under 28 U.S.C. §§ 158(d) & 1291. Our review of the District Court's determination is plenary. *See Kool, Mann, Coffee & Co. v. Coffey,* 300 F.3d 340, 353 (3d Cir.2002). Upon review, and in complete agreement with the District Court's analysis, we conclude that Shemonsky's appeal must be dismissed because it has no arguable basis in fact or law. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). In short, as the District Court concluded, the Bankruptcy Court properly treated Shemonsky's motion as a motion for reconsideration. Shemonsky's pending motions are denied.